NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIEL DELACRUZ,

        Plaintiff - Appellant,

  v.

TANIMURA & ANTLE, INC., a California Corporation; MIKE ANTLE, an individual; CARMEN PONCE, an individual; CLAUDIA QUIRARTE, an individual,

        Defendants - Appellees.

No. 24-7293

D.C. No. 5:23-cv-03034-VKD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Virginia Kay DeMarchi, Magistrate Judge, Presiding[**]

Submitted April 22, 2026[***]

Before:     LEE, DESAI, and JOHNSTONE, Circuit Judges.

    Daniel Delacruz appeals pro se from the district court's judgment dismissing

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

    [***]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his action alleging various federal and state law claims against his former nurse and former employers. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Saloojas, Inc. v. Aetna Health of Calif., Inc.*, 80 F.4th 1011, 1014 (9th Cir. 2023). We affirm.

The district court properly dismissed Delacruz's Rehabilitation Act claim against defendant Claudia Quirarte because Delacruz failed to allege facts sufficient to show that Quirarte is a recipient of federal financial assistance. *See Castle v. Eurofresh, Inc.*, 731 F.3d 901, 908-09 (9th Cir. 2013) (explaining that Rehabilitation Act liability extends only to those who receive federal financial assistance, not to all who benefit from such assistance).

The district court properly dismissed Delacruz's claim under 42 U.S.C. § 1981 because Delacruz failed to allege facts sufficient to show that he was discriminated against on the basis of race. *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798 (9th Cir. 2003) ("§ 1981 applies only to race-based discrimination[.]").

The district court did not abuse its discretion in declining to exercise supplemental jurisdiction over Delacruz's state law claims. *See Dyack v. Northern Mariana Islands*, 317 F.3d 1030, 1037-38 (9th Cir. 2003) (setting forth standard of review and explaining that the district court may decline to exercise supplemental

24-7293

jurisdiction over state law claims where the district court "has dismissed all claims over which it has original jurisdiction" (quoting 28 U.S.C. § 1367(c)(3))).

The district court did not abuse its discretion in denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**